IN THE MATTER OF: B.C.S.
No. COA08-573
Court of Appeals of North Carolina
Filed November 18, 2008
This case not for publication
Attorney General Roy Cooper, by Assistant Attorney General Susannah B. Cox, for the State.
Carol Ann Bauer, for juvenile-appellant.
TYSON, Judge.
B.C.S. ("defendant"), a fifteen-year-old juvenile, appeals from order entered adjudicating him to be delinquent for a violent or serious offense pursuant to N.C. Gen. Stat. § 7B-2508 after finding he committed: (1) first-degree statutory sexual offense pursuant to N.C. Gen. Stat. § 14-27.4(a)(1) and (2) first-degree statutory rape of a child pursuant to N.C. Gen. Stat. § 14-27.2. We affirm.

I. Background
In 2005, defendant was adjudicated to be delinquent for misdemeanor indecent liberties between children. Defendant received a Level I disposition on 29 November 2005. Defendant was placed on probation in February of 2006 and ordered to undergo a sexual-specific evaluation and not to be near any younger children. The court counselor testified that he filed a motion to extend probation in January of 2007 because defendant was argumentative with his parents and school officials. A month later, the trial court extended defendant's probation and ordered a Level II disposition requiring defendant to remain in a residential treatment facility, to undergo intensive treatment, and to have no contact with any child under the age of fourteen. The residential program allowed defendant to go home on the weekends. During his visits home, defendant committed sexual acts against his young female cousin.
On 6 August 2007, twelve juvenile petitions were filed alleging defendant was a delinquent juvenile in that he committed: (1) one count of crime against nature; (2) four counts of first-degree statutory rape of a child; and (3) seven counts of first-degree statutory sex offense. Defendant admitted committing the delinquent acts of first-degree statutory rape of a child and first-degree statutory sex offense. After conducting a disposition hearing, the trial court entered a Level III disposition for placement in a youth development center for an indefinite term not to exceed his eighteenth birthday. The trial court also ordered defendant to comply with the sex offender program during his commitment and to be placed on post release supervision for a period of twelve months. Defendant appeals.

II. Issue
In his sole argument on appeal, defendant contends that the trial court abused its discretion in ordering a Level III disposition in this matter and ordering him confined to a youth development center.

III. Standard of Review
Upon an adjudication of delinquency, the trial court must determine the juvenile's appropriate dispositional level depending on the juvenile's delinquency history and the type of offense committed. N.C. Gen. Stat. § 7B-2508 (2007). When a juvenile is found delinquent for an offense classified as violent under N.C. Gen. Stat. § 7B-2508(a)(1), the trial court is authorized to impose either a Level II or a Level III disposition. See N.C. Gen. Stat. § 7B-2508(f) (2007).
"Pursuant to the juvenile code, the juvenile court is required to select the most appropriate disposition calculated to both protect the public and to meet the needs and best interests of the juvenile." In re N.B., 167 N.C. App. 305, 310, 605 S.E.2d 488, 492 (2004) (citations and internal quotations omitted). N.C. Gen. Stat. § 7B-2501(c) (2007) specifically provides:
In choosing among statutorily permissible dispositions, the court shall select the most appropriate disposition both in terms of kind and duration for the delinquent juvenile. Within the guidelines set forth in G.S. 7B-2508, the court shall select a disposition that is designed to protect the public and to meet the needs and best interests of the juvenile, based upon:
(1) The seriousness of the offense;
(2) The need to hold the juvenile accountable;
(3) The importance of protecting the public safety;
(4) The degree of culpability indicated by the circumstances of the particular case; and
(5) The rehabilitative and treatment needs of the juvenile indicated by a risk and needs assessment.
This Court has recognized that "choosing between two appropriate dispositional levels is within the trial court's discretion. Absent an abuse of discretion, we will not disturb the trial court's choice." In re Robinson, 151 N.C. App. 733, 737, 567 S.E.2d 227, 229 (2002).

IV. Disposition Level
Defendant asserts that "the trial court failed to consider [his] plan for rehabilitation while residing under the watchful eye of his family." We disagree.
At the disposition hearing, the court counselor testified that defendant committed the sexual acts against his younger cousin while he was on probation. The court counselor testified that prior to these new offenses, defendant had been assessed as a "moderate risk to continue sexually aggressive behavior." He further testified that defendant had been found in possession of pornographic material at the residential placement. The court counselor recommended placement in a Level III youth development center. On cross-examination, the court counselor admitted that defendant's father had informed him that defendant had been sexually abused.
The trial court also heard testimony from defendant's father, step-mother, and grandmother, all of whom advocated for defendant living with his father and step-mother. Defendant's step-mother testified that if defendant lived in her house, he would be in a strict environment and would receive the necessary therapy while in her care. Defendant's father testified that defendant would be supervised "every minute" by himself, his wife, and his parents. Defendant's grandmother, defendant's father, and the program director at the residential treatment center, agreed that defendant was a "good boy." The program director stated that the residential home had an opening for defendant.
The trial court considered and gave weight to the above testimony. The trial court determined that upon defendant's new sexual offenses, which were committed while defendant was on probation for another sexual offense, it was in the best interests of both the juvenile and the public for the juvenile to be committed to a youth development center.
Before imposing a Level III disposition, the trial court considered the seriousness of the offenses, the juvenile's culpability and failure to avail himself of the services offered during his probation, the need to hold the juvenile accountable for his actions, and the likelihood of the juvenile continuing to endanger the community. Defendant was found delinquent for an offense classified as violent under N.C. Gen. Stat. § 7B-2508(a)(1), and although he had a "low" delinquency history level, the trial court was permitted to impose either a Level II or a Level III disposition. See N.C. Gen. Stat. § 7B-2508(f) (2007). The trial court, in it's discretion imposed a Level III disposition. We find no abuse of discretion in the trial court's imposition of a Level III disposition. This assignment of error is overruled.

V. Conclusion
The trial court did not err in imposing a Level III disposition where defendant was found to be delinquent on the basis of a violent offense. The trial court's order is affirmed.
Affirmed.
Judges BRYANT and ARROWOOD concur.
Report per Rule 30(e).